IN THE UNITED STATES DISCTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| KENNY LESLIE, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | No. 15 C 02395 |
| | ) | Hon. Marvin E. Aspen |
| | ) | |
| v. | ) | |
| | ) | |
| KESS ROBERSON, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Petitioner Kenny Leslie's motion for reconsideration of our May 22, 2017 Order denying his pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 28.) For the reasons set forth below, we deny Petitioner's motion.

## BACKGROUND

We assume familiarity with the relevant facts as detailed in our May 22, 2017 Order and thus do not fully recount them here. *Leslie v. Roberson*, No. 15 C 02395, 2017 WL 2243098 (N.D. Ill. May 22, 2017). Petitioner filed his pro se habeas petition on March 23, 2015, challenging his conviction in Illinois state court for aggravated battery of a peace officer. He asserted six claims in his habeas petition: (1) Petitioner's conviction, obtained using knowingly false testimony from police officers, violated his Fourteenth Amendment right to due process;

(2) Petitioner was denied his Sixth Amendment confrontation rights when the trial court limited his cross-examination of Officers Proano and Rodriguez; (3) the State knowingly relied on false evidence to secure a conviction in violation of Petitioner's Fourteenth Amendment right to due process; (4) the State withheld exculpatory evidence in violation of Petitioner's Fourteenth Amendment right to due process; (5) the State's rebuttal closing argument was improper and violated Petitioner's Fourteenth Amendment right to due process; and (6) Petitioner's trial counsel was ineffective and violated his Sixth Amendment right to counsel by failing to object to the State's presentation of false testimony and for failing to impeach Officers Lascola, Rodriguez, and Willis. (Dkt. No. 5 at Pg. ID#: 13–18.)

On June 19, 2017, Petitioner filed a motion for reconsideration of our May 22, 2017 Order denying his application for a writ of habeas corpus, which among other things, found Petitioner's claim that the State knowingly presented false evidence and his claim of ineffective assistance of counsel are procedurally defaulted because he first presented those claims in his request for leave to file a successive post-conviction petition, which was denied. *Leslie*, 2017 WL 2243098 at *5, 7. Petitioner now contends that these claims are not procedurally defaulted and should be reconsidered on the merits, because on appeal from that denial, the state appellate court allowed his appellate counsel's motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551, 107 S. Ct. 1990 (1987), and therefore considered his claims on their merits.[1] (Mot. (Dkt. No. 28) at Pg. ID#: 1631–33.) Petitioner also contends that we failed to consider his argument that his trial counsel was ineffective for failing to object to the introduction of false evidence, and instead misconstrued his claim as asserting that his appellate

---

[1] Pursuant to *Finley*, appointed counsel in a post-conviction proceeding may submit a motion to withdraw as counsel when that attorney finds the case has no meritorious grounds for appeal. *Id.* at 555, 557–58, 107 S. Ct. at 1993–95.

2

counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel on direct appeal. (Mot. at Pg. ID#: 1633.) Finally, Petitioner argues in the alternative that he is actually innocent such that we should reconsider our denial of his application for a writ of habeas corpus despite his failure to show cause for the procedural defects. (*Id.* at Pg. ID#: 1633–34.)

**LEGAL STANDARD**

Petitioner's motion to reconsider challenges the merits of our final order denying his application for a writ of habeas corpus, and therefore must fall under either Federal Rule of Procedure 59(e) or 60(b). *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). "Whether to characterize a motion as arising under Rule 59(e) or 60(b) depends on the nature of the motion." *Id.* "[I]t is the substance, rather than the form, of a post-judgment motion that determines the rule under which it should be analyzed." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008). While a Rule 59(e) motion must be "filed no later than 28 days after the entry of the judgment," a Rule 60(b) motion must be brought within a "reasonable time." Fed. R. Civ. P. 59(e), 60(b). Petitioner filed his motion within 28 days and argues our previous decision rests on manifest errors of law, so we construe it as a Rule 59(e) motion.

Under Rule 59(e), district courts may entertain motions "to alter or amend a judgment." Fed. R. Civ. P. 59(e). Motions under Rule 59(e) will only be granted in order to correct manifest errors of law or fact, to present new evidence, or where there has been an intervening and substantial change in the controlling law, and "should only be granted in rare circumstances." *Divane v. Krull Elec. Co., Inc.*, 194 F.3d 845, 848 (7th Cir. 1999) (citing *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996). "A party moving for reconsideration pursuant to Rule 59(e) bears a heavy burden of establishing that the court should reverse its prior judgment."

3

*Scott v. Bender*, 948 F. Supp. 2d 859, 865 (N.D. Ill. 2013) (citing *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). A Rule 59(e) motion "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, . . . or to present evidence that was available earlier." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995) (citations omitted).

## ANALYSIS

### I. PROCEDURAL DEFAULT

#### A. *Finley* Motion

In our May 22, 2017 Order, we found that Petitioner's claim that the State knowingly used false evidence to secure his conviction and his claim of ineffective assistance of counsel were procedurally defaulted because these claims were not raised until his request for leave to file a successive post-conviction petition, which was denied on procedural grounds by the state courts. *Leslie*, 2017 WL 2243098 at *5, 7. In Illinois, a petitioner may file only one petition for post-conviction relief without the court's leave. 725 ILCS 5/122–1(f). A court may grant a petitioner leave to file a successive post-conviction petition including claims not presented in the initial petition only if the petitioner "demonstrates cause for his failure to bring the claim[s] in his or her initial post-conviction proceedings and prejudice results from that failure." *Id.* Failure to satisfy either prong of the cause and prejudice test is a statutory bar to the filing of a successive petition. *People v. Simmons*, 388 Ill. App. 3d 599, 613, 903 N.E.2d 437, 451 (1st Dist. 2009) (citing *People v. Lee*, 207 Ill. 2d 1, 5, 796 N.E.2d 1021, 1023 (2003)). Denial of a claim pursuant to 725 ILCS 5/122–1(f) is an independent and adequate state law ground such

that federal courts are precluded from reviewing the merits of that claim on an application for writ of habeas corpus. *See Robertson v. Pierce*, No. 12 C 3108, 2016 WL 2593344, at *8–9 (N.D. Ill. May 5, 2016) ("Petitioner waived those claims by not raising them in his first post-conviction petition, and the state court determined that he failed to meet the cause and prejudice standard necessary to present those claims in a successive post-conviction petition."); *Thomas v. Pfister*, 07 C 6643, 2014 WL 2777262, at *7 (N.D. Ill. June 17, 2014) (finding denial of a successive post-conviction petition for failure to show cause pursuant to 725 ILCS 5/122–1(f) is "an independent and adequate state law" ground such that the "claim is likewise procedurally defaulted on federal habeas review"); *see also Watson v. Pfister*, No. 13 C 2276, 2015 WL 1186795, at *5 (N.D. Ill. March 11, 2015) (collecting cases) ("Several courts in this District have denied habeas petitions as procedurally barred when the state court relied on § 5–122–1(f) to deny the successive post-conviction petition.").

The state trial court found that Petitioner's request for leave to file a successive post-conviction petition did not "so much as mention the cause and prejudice test anywhere in his petition." (Successive Post-Conviction Trial Court Order, St. Ct. R., Ex. Q at Pg. ID#: 1525.) The trial court further observed that the only evidence Petitioner submitted with his request for leave to file a successive post-conviction petition were documents that Petitioner could have obtained and included with his first post-conviction petition. (Successive Post-Conviction Trial Court Order, at Pg. ID#: 1525–26.) The court stated in the alternative that the successive post-conviction petition was frivolous and lacked merit, and denied him leave. (*Id.* at Pg. ID#: 1528.). On appeal, the appellate court discussed the trial court's findings that "defendant's petition failed to meet the cause and prejudice test, and that the issues raised were frivolous and patently without merit. The [trial] court thus denied him leave to file his

5

successive petition and dismissed the petition." (Successive Post-conviction Appeal Order, St. Ct. R., Ex. K at Pg. ID#: 454.) The appellate court also referenced Petitioner's counsel's *Finley* motion for leave to withdraw as appellate counsel because Petitioner's appeal lacked merit. (*Id.* at Pg. ID#: 454–55.) The appellate court observed that Petitioner responded to the *Finley* motion by reiterating arguments from his successive post-conviction petition, contending that the trial court erred in dismissing his petition on the merits. (*Id.* at Pg. ID#: 455.) The appellate court affirmed the trial court's decision and granted his counsel's *Finley* motion. (*Id.*)

Because Petitioner was denied leave to file his post-conviction petition pursuant to 725 ILCS 5/122–1(f), we found that the claims he brought for the first time in that petition—including his claim that the State knowingly used false evidence to secure his conviction and his claim of ineffective assistance of counsel—were procedurally defaulted. *Leslie*, 2017 WL 2243098 at *5, 7. Petitioner asserts that these claims are not procedurally defaulted because in ruling on his counsel's *Finley* motion on appeal from the trial court's denial of leave to file a successive post-conviction petition, the Illinois Appellate Court reviewed the record and issued a decision based on the merits of his claims and did not rely on procedural default as the basis for its decision. (Mot. at Pg. ID#: 1631–33.).

Petitioner relies on *Wilkinson v. Cowan*, 23 F.3d 347, 350–52 (7th Cir. 2000), which he argues "holds that the merits of the post-conviction issues are preserved for habeas review when a state court grants a *Finley* motion and writes that it has carefully reviewed the record and found no issues of merit." (Mot. at Pg. ID#: 1631.) However, Petitioner construes the holding in *Wilkinson* too broadly. The question before the Seventh Circuit in *Wilkinson* was "whether a habeas petitioner could be charged with a procedural default in the Illinois Appellate Court when, in the face of his counsel's motion to withdraw under *Finley*, the petitioner had neither

6

responded to the motion by identifying meritorious issues that the court should address nor filed an appellate brief of his own pursuing such issues." *Lewis v. Sternes*, 390 F.3d 1019, 1030 (7th Cir. 2004). Moreover, *Wilkinson* concerned a petitioner's initial post-conviction petition, and not his request for leave to file a successive post-conviction petitioner pursuant to 725 ILCS 5/122–1(f). *Wilkinson* "certainly did not create a categorical rule that a decision is merits-based whenever an appellate court grants a *Finley* motion and summarily affirms the trial court's denial of a post-conviction petition." *Woods v. Schwartz*, 589 F.3d 368, 375 (7th Cir. 2009). "At most, *Wilkinson* stands for the proposition that when a state appellate court elects to summarily affirm the judgment below without having invited the appellate court to identify the issues he wishes to pursue on appeal, we will construe the affirmance to have reached the merits of each issue that the petitioner properly raised in the court below." *Lewis*, 390 F.3d at 1031.

*Wilkinson* is inapposite here, where the appellate court's decision was not a summary affirmance, where the appellate court was considering a request for leave to file a successive post-conviction petition, and where Petitioner was given the opportunity to respond to counsel's *Finley* motion. Although both the trial court and appellate court orders found in the alternative that Petitioner's successive post-conviction petition lacked merit in addition to failing the cause prong of the cause and prejudice test, their independent and adequate state-law holding precludes our review. *Harris v. Reed*, 489 U.S. 255, 265 n.10, 109 S. Ct. 1038, 1044 (1989); *see also Rivas v. Sternes*, No. 3 C 2164, 2004 WL 407003, at *3 (N.D. Ill. Feb. 24, 2004) (citing *Brooks v. Walls*, 279 F.3d 518, 521 (7th Cir. 2002)). That the appellate court considered and granted counsel's *Finley* motion does not cure Petitioner's procedural default, and we decline to

7

reconsider his claims that the State knowingly relied on false evidence and that his trial counsel was ineffective. (Successive Post-Conviction Appeal Order at Pg. ID#: 456.)

### B. Ineffective Assistance of Trial Counsel

Additionally, Petitioner asserts our May 22, 2017 Order failed to consider his argument that his trial counsel was ineffective for failing to object to the introduction of false evidence, and instead misconstrued his claim as asserting that his appellate counsel was ineffective for failing to raise a claim of ineffective assistance of trial counsel on direct appeal. (Mot. at Pg. ID#: 1633.) To the contrary, we construed Petitioner's claim as one asserting "that trial counsel was ineffective for failing to object to the introduction of false evidence and for failing in several instances to adequately impeach or otherwise questions at trial." *Leslie*, 2017 WL 2243098, at *7. We found his ineffective assistance of counsel claim was procedurally defaulted because he raised it for the first time in his successive post-conviction petition, which was denied on an adequate and independent state ground. *Id.* Because we did not misconstrue Petitioner's claim, we decline to reconsider our decision.

## II. INNONCENCE EXCEPTION TO PROCEDURAL DEFAULT

Petitioner also claims that he is actually innocent, and the State's use of false evidence led to his "fundamentally unjust" incarceration. (Mot. at Pg. ID#: 1634.) Petitioner argues that where a constitutional violation has resulted in the conviction of an innocent person, a federal court may grant the habeas petition even in the absence of a showing of cause for procedural default in order to prevent a fundamental miscarriage of justice. (*Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 2650 (1986).) "The fundamental miscarriage of justice exception requires 'the habeas petitioner to show that a constitutional violation has probably resulted in the conviction of one who is actually innocent.'" *Smith v. McKee*, 598 F.3d 374,

387–88 (7th Cir. 2010). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37, 126 S. Ct. 2064, 2066–77 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 867 (1995)). "[A] petitioner can avoid the procedural default . . . by presenting 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Robertson v. Pierce*, No. 12 C 3108, 2016 WL 2593344, at *11 (N.D. Ill. May 5, 2016) (quoting *House*, 547 U.S. at 537, 126 S. Ct. at 2077)). Petitioner has presented no new evidence to support his claim of actual innocence, which he raises for the first time. Accordingly, we decline to reconsider our decision on those grounds.

### III. CERTIFICATE OF APPEALABILITY

Finally, Petitioner again requests that we issue a certificate of appealability ("COA"). Pursuant to 28 U.S.C. 2253(c)(1), a COA is required for an appeal from a final order in a habeas corpus proceeding under 28 U.S.C. § 2254. We declined to issue a COA in our May 22, 2017 Order because Petitioner failed to make a substantial showing of the denial of a constitutional right, as is necessary for us to issue a COA. *Leslie*, 2017 WL 2243098 at *12 (citing *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000)). Since Petitioner has similarly failed to make a substantial showing of the denial of a constitutional right and has failed to show a manifest error of law or fact, to present new evidence, or show there has been an intervening and substantial change in the controlling law required for the motion to reconsider, we decline to issue a COA on this matter. 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For the reasons stated above, we deny Petitioner's motion to reconsider the denial of his habeas petition and denial of a certificate of appealability. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: September 19, 2017
      Chicago, Illinois